```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
          v.                    :
                                :
RAHIM McINTYRE                  :      NO. 13-361
```

MEMORANDUM

Bartle, J.                                          March 31, 2014

        Defendant Rahim McIntyre has been indicted on three counts of sex trafficking of children or by force, fraud, or coercion in violation of 18 U.S.C. § 1591.  Count I of the indictment charges that defendant recruited or enticed a minor under the age of 18 to work for him as a prostitute.  Counts II and III, in contrast, describe defendant's female victims as persons, without reference to their ages, where force, fraud and coercion were involved in connection with commercial sex activity.  The defendant has now moved under Rule 12(b)(2) and (3) of the Federal Rules of Criminal Procedure to dismiss Counts II and III on the ground that these counts, unlike Count I, do not identify as minors the persons recruited or enticed into commercial sex acts.  It is defendant's position that § 1591 applies only to victims of sex trafficking under 18 years of age and not to those who are adults.

        We must first turn to the words of the statute itself.  Where the language is plain, that ends our analysis as long as the result is not absurd.  <u>Jimenez v. Quarterman</u>, 555 U.S. 113,

118 (2009); <u>Lamie v. U.S. Trustee</u>, 540 U.S. 526, 534 (2004). The statute provides in relevant part:

> (a) Whoever knowingly--
>
>> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>>
>> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a).

The statute is clear and does not produce an absurd result. Section 1591(a) focuses on two separate criminal violations involving commercial sex acts. The first makes it a crime for anyone to recruit or entice a person to engage in a commercial sex act, "knowing or in reckless disregard of the fact, that means of force, threats of force, fraud, [or] coercion ... will be used to cause the [victimized] person to engage" in such an act. Significantly, this portion of the statute does not limit the definition of the victimized person to one under 18 years old.

Section 1591(a) also prohibits anyone from recruiting or enticing a person, "knowing or in reckless disregard of the fact ... that the [victimized] person has not attained the age of 18 years and will be caused to engage in a commercial sex act ...."  In contrast to the earlier prong of the statute, the recruitment or enticement here into commercial sex activity specifically references a minor and is not limited to situations where force, fraud or coercion plays a part.

Section 1591(b) provides the punishment for violations of § 1591(a).  Section § 1591(b) states:

> (b) The punishment for an offense under subsection (a) is--
>
> (1) if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, or obtained had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or
>
> (2) if the offense was not so effected, and the person recruited, enticed, harbored, transported, provided, or obtained had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

Section 1591(b) in summary provides for a 15-year to life sentence for an offense involving force, fraud or coercion <u>or</u> an offense involving a minor under 14 years old without regard to force, fraud or coercion.  It also sets forth a 10-year to

life sentence involving a minor over 14 years of age but under 18 years of age where no force, fraud or coercion is implicated.

Congress clearly confirmed in § 1591(b) that two separate crimes are delineated in § 1591(a) by providing separate punishments for them.  One is an offense "effected by means of force, threats of force, fraud, or coercion" and the other an offense where a minor was recruited or enticed into a commercial sex act.[1]

Defendant contends, in arguing that § 1591(a) does not apply to adult victims, that it would be absurd for the penalties to be the same for an offense involving an adult subject to force, fraud or coercion and an offense involving a minor under 14.  We disagree.  It is up to Congress and not the court to determine the statutory maximum and any mandatory minimum punishment for federal crimes.  With a wide sentencing range of 15 years to life the court has latitude to fashion a sentence which fits the particular facts presented.

The defendant relies on the decision in United States v. Afyare, Criminal Action No. 10-260, 2013 U.S. Dist. LEXIS 86587, *14-16 (M.D. Tenn. June 12, 2013), where the court ruled that § 1591(a) applies only to commercial sex acts involving

---

1. The title of § 1591, as noted, is "sex trafficking of children or by force, fraud or coercion."  18 U.S.C. § 1591 (emphasis added).  While the title is not part of the statute, it is available as a tool to help resolve the statute's meaning. Almendarez-Torres v. United States, 523 U.S. 224, 234 (1998); Singh v. Gonzales, 499 F.3d 969, 977 (9th Cir. 2007).  The title here clearly supports our interpretation of the legislation.

children.  We have difficulty understanding the court's reasoning and do not adopt its conclusion.  Instead, we agree with the Court of Appeals in United States v. Todd, 627 F.3d 329 (9th Cir. 2010), which affirmed convictions under § 1591(a) where the victims were adults.  In his concurring opinion, Judge Milan Smith wrote:

> ... Congress intended to criminalize two forms of sex trafficking it considered "severe forms of trafficking in persons": sex trafficking where the victim is under 18 years of age, and sex trafficking in which the act is induced by force, fraud, or coercion.

627 F.3d at 335 (Milan, J., concurring).  The Todd decision is in accord with a number of other precedents including United States v. Cephus, 684 F.3d 703 (7th Cir. 2012).

Accordingly, the motion of defendant to dismiss Counts II and III of the indictment will be denied.