IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAHIM McINTYRE | : | NO. 13-361 |

MEMORANDUM

Bartle, J.                                                                                                   July 22, 2014

        Defendant Rahim McIntyre has filed a motion and supplemental motion under Rule 29(c) of the Federal Rules of Criminal Procedure for judgment of acquittal[1] and a motion and supplemental motion under Rule 33 for a new trial.

        Defendant was found guilty by a jury of two counts of sex trafficking and one count of attempted sex trafficking under 18 U.S.C. § 1591.  The jury first found that the Government had not proven beyond a reasonable doubt that the defendant knew at the time that the victim K.W. was under 18 years old under the version of § 1591 that was in effect at the time of the events in question for Count 1.  Nonetheless, it answered a special interrogatory that defendant knew that force, fraud or coercion would be used to cause K.W. to engage in a commercial sex act.

        As to Count 2, the jury found the defendant guilty of attempted sex trafficking with respect to victim L.D. and on

---

1. Defendant moved for judgment of acquittal at the close of the Government's case.  The court denied the motion at that time.

Count 3 guilty of sex trafficking as to victim V.P.  Under § 1591 as amended, the jury was instructed, among other things, that to find defendant guilty, it must find that defendant recruited, enticed, harbored, transported, provided, obtained, or maintained a person "knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion ... or any combination of such means will be used to cause the person to engage in a commercial sex act."  Coercion is defined under § 1591(e)(2) to mean:

>    (2)  The term "coercion" means--
> 
>    (A) threats of serious harm to or physical restraint against any person;
> 
>    (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or
> 
>    (C) the abuse or threatened abuse of law or the legal process.

Defendant alleges that there is insufficient evidence in the record to sustain a conviction on any of the three counts.  The evidence at this stage must be viewed in the light most favorable to the Government.  U.S. v. Introcaso, 506 F.3d 260, 264 n.2 (3d Cir. 2007).  We must "presume that the jury properly evaluated credibility of witnesses, found the facts, and drew rational inferences."  U.S. v. Wasserson, 418 F.3d 225, 237 (3d Cir. 2005).  It is not our role to usurp the function of the jury.  U.S. v. Boria, 592 F.3d 476, 480 (3d Cir. 2010).

Defendant specifically argues that the evidence was insufficient for a jury to find beyond a reasonable doubt that K.W., who worked for defendant for about three weeks, was forced or coerced into committing a commercial sex act.  The evidence shows that she began working voluntarily as a prostitute for defendant and defendant never physically assaulted her.  Nonetheless, he committed a serious beating of another prostitute in her presence.  Defendant told K.W., "If I didn't want the same thing to happen to me, I'd shut my fucking mouth."  There was another incident where K.W. witnessed defendant slapping and berating that same person.  K.W. testified that everything was controlled by defendant, and she could not even get food without defendant's permission.  According to her, "it was just kind of scary being there."  When she decided to stop working for defendant in the sex trade, she escaped from her motel room in the middle of the night.

Victim L.D., who was the subject of Count 2, was compelled to ride in a vehicle with defendant and two other prostitutes over the course of several hours.  When L.D. told defendant not to disrespect one of the other young women in the car, he became irate, pulled her by the hair, forced her head down to his lap, and told her not to disrespect him.  He punched her in the face and took her cell phone.  The morning after reaching their destination, which may have been Massachusetts, L.D. told a prospective customer in a motel room that she did not want to be there or engage in prostitution.  He drove her to a

bus station where he paid for her bus ticket back to Philadelphia.

V.P., who was the victim described in Count 3, voluntarily began to work as a prostitute for defendant after her parents kicked her out of their home. She continued to do so, with certain interruptions, for 19 months. The evidence established that defendant hit her more than once for not bringing in enough money or for disrespecting him. On one occasion he hit her with a metal hanger on her bare feet and legs.

The jury observed the testimony of each victim, and it was for it to determine issues of credibility. The testimony of all three victims presented a picture of the defendant as someone who did not hesitate to use force and coercion to maintain discipline with his commercial sex workers. In K.W.'s description, the situation was "scary."

The evidence presented here was more than ample for the jury to find that K.W. was the subject of coercion and that V.P. was the subject of force, threats of force, and coercion so as to cause them to engage in commercial sex acts. Likewise, in the case of L.D., the jury could properly find that defendant used force, threats of force, and coercion in an attempt to cause her to engage in a commercial sex act.

In sum, there was sufficient evidence for a jury to find defendant guilty beyond a reasonable doubt on the three counts charging him with violating 18 U.S.C. § 1591. The motions

of defendant for judgment of acquittal under Rule 29(c) will be denied.

Defendant has also moved for a new trial under Rule 33 which provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Such a motion should be granted "only in exceptional cases." Gov't of V.I. v. Derricks, 810 F.2d 50, 55 (3d Cir. 1987). When the sufficiency of the evidence is challenged as it is here, the court must "exercise[] its own judgment in assessing the Government's case." U.S. v. Silveus, 542 F.3d 993, 1004 (3d Cir. 2008) (quoting U.S. v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002)). In doing so, the court "can order a new trial 'only if it believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted.'" Id. at 1004-05 (quoting Johnson, 302 F.3d at 150). There is no such danger of a miscarriage of justice that would warrant a new trial for defendant. Accordingly, the motions of defendant for a new trial under Rule 33 will be denied.